UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **00-6159 CR-FERGUSON**

18 U.S.C. § 1029(a)(5)
18 U.S.C. § 1029(b)(2)
18 U.S.C. § 1029(b)(1)
18 U.S.C. § 1029(c)(2)
18 U.S.C. § 2

MAGISTRATE JUDGE
SNOW

UNITED STATES OF AMERICA,  )
                           )
            Plaintiff,     )
vs.                        )
                           )
CARLA KNIGHT and           )
JANA BALLARD,              )
                           )
            Defendants.    )
_____)



### INDICTMENT

The Grand Jury charges that:

#### COUNT I

From on or about February 7, 1998, the exact date being unknown to the Grand Jury, through on or about February 4, 1999, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**CARLA KNIGHT
and JANA BALLARD,**

did knowingly and intentionally combine, conspire, confederate



and agree with each other and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly, willfully and with intent to defraud, effect transactions with access devices issued to other persons, and by such conduct, to receive payment and things of value during a one-year period aggregating $1,000 and more during that period, with an effect on interstate and foreign commerce, in violation of Title 18, United States Code, Section 1029(a)(5).

**PURPOSE AND OBJECT**

It was the purpose and object of the conspiracy for the defendants to fraudulently enrich themselves by making unauthorized transactions with credit card numbers which they had obtained by unlawful means.

**MANNER AND MEANS**

The manner and means by which the conspiracy was to be carried out was that the defendants would obtain credit card numbers which were issued to other persons, and would use those credit card numbers to obtain money and things of value. To assist them in their use of the credit card numbers, the defendants would set up fraudulent merchant accounts through which the credit card numbers would be processed for payment by the credit card provider.

**OVERT ACTS**

In furtherance of the conspiracy and to effect the object thereof, there was committed by one or more of the conspirators at least one of the following overt acts, among others, in Broward County, in the Southern District of Florida, and elsewhere:

1. On February 7, 1998, the defendant, CARLA KNIGHT, obtained a mailbox at a commercial mail facility, located at 4119 North State Road 7, Fort Lauderdale, Florida, in the name of Money Making Investment Procedures;

2. On May 8, 1998, the defendant, CARLA KNIGHT, applied for a merchant account from Card Services International, a broker for Humboldt Bank, a financial institution in Eureka, California, in the name of Money Making Mania, 4119 North State Road 7, Fort Lauderdale, Florida;

3. On May 14, 1998, the defendant, JANA BALLARD, opened a business bank account at First Union National Bank, a Federally insured financial institution, in the name of Money Making Mania, Account No. 2090003080381;

4. On June 24, 1998, the defendants, CARLA KNIGHT and JANA BALLARD, applied for a merchant account from Nova Information Systems, Inc., a broker for Regions Bank, a

financial institution located in Montgomery, Alabama, in the name of Corey's Art Gallery, 4119 North State Road 7, Fort Lauderdale, Florida;

5. On June 24, 1998, the defendant, JANA BALLARD, opened a business bank account at NationsBank, a federally insured financial institution, in the name of Corey's Art Gallery, Account No. 3661223427;

6. On August 26, 1998, the defendant, CARLA KNIGHT, applied for a second merchant account in the name of Corey's Art Gallery, 4119 North State Road 7, Fort Lauderdale, Florida, from Nova Information Systems, Inc., a broker for Regions Bank, a financial institution located in Montgomery, Alabama;

7. On September 4, 1998, the defendant, JANA BALLARD, opened a business bank account at NationsBank, a federally insured financial institution, in the name of Contempo Fashions, Account No. 3661223702;

8. On September 15, 1998, the defendant, CARLA KNIGHT, applied for a merchant account from Nova Information Systems, Inc., a broker for First Union Bank, a financial institution located in Charlotte, North Carolina, in the name of Contempo Fashions, 841 NW 34 Terrace, Fort Lauderdale, Florida;

9. On October 6, 1998, the defendant, CARLA KNIGHT,

4

obtained a mailbox at a commercial mail facility located at 4631 NW 31st Avenue, #263, Tamarac, Florida in the name of Carla Knight and Lucille Burgess;

10. On October 27, 1998, the defendant, CARLA KNIGHT, applied for a merchant account from Nova Information Systems, Inc., a broker for First Union Bank, a financial institution located in Charlotte, North Carolina, in the name of Jumping Joy, 4631 NW 31st Avenue, Box 263, Tamarac, Florida; and

11. On January 4, 1999, the defendant, CARLA KNIGHT, applied for a merchant account from Nova Information Systems, Inc., a broker for First Union Bank, a financial institution located in Charlotte, North Carolina, in the name of Emojam Boutique, 508 West Dayton Circle, Melrose Park, Florida.

All in violation of Title 18, United States Code, Section 1029(b)(2).

**COUNT TWO**

The allegations set forth in paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

From on or about June 24, 1998, the exact date being unknown to the Grand Jury, through on or about January 30, 1999, in

Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**CARLA KNIGHT**
**and JANA BALLARD,**

did knowingly, willfully and with intent to defraud, effect transactions with an access device issued to another person, and by such conduct did receive payment and things of value during a one year period aggregating $1,000 and more during that period, with an effect on interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(5) and 2.

### COUNT THREE

The allegations set forth in paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein.

From on or about October 27, 1998, the exact date being unknown to the Grand Jury, through on or about January 30, 1999, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**CARLA KNIGHT**
**and JANA BALLARD,**

did knowingly, willfully and with intent to defraud, attempt to effect transactions with an access device issued to another person, and by such conduct did attempt to receive payment and things of value during a one year period aggregating $1,000 and

6

more during that period, with an effect on interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(5), (b)(1) and 2.

**FORFEITURE**

A. Upon conviction of any of the felony offenses alleged in Counts I, II and III of this Indictment, the United States is entitled to forfeiture of, and the defendants, CARLA KNIGHT and JANA BALLARD, shall forfeit to the United States, any and all interest that they have in property constituting and derived from any proceeds the defendants obtained, directly and indirectly, as the result of such violations, and property used and intended to be used, in any manner or part, to commit and to facilitate the commission of said violations, jointly and severally, including but not limited to:

12. All funds currently on deposit at First Union National Bank, Broward County, Florida, Account No. 2090003080381, in the name of Money Making Mania, in that such funds represent proceeds the defendants obtained as a result of the violations in Counts I, II and III, or are traceable thereto; and

13. All funds currently on deposit at First Union National Bank, Broward County, Florida, Account No. 2000002851792, in the name of Stuart Fashions, in that

7

   such funds represent proceeds the defendants obtained as a result of the violations in Counts I, II and III, or are traceable thereto.

 B. Pursuant to Title 21, United State Code, Section 853(p), the United States further intends to seek forfeiture of any property constituting or derived from any proceeds the defendants obtained directly or indirectly as a result of the aforesaid violations and any and all property used and intended to be used in any manner and part to commit and facilitate the commission of the violations set forth in Counts I, II and III.

 If any of the above-described forfeitable property, as a result of any act or omission of the defendants

  1. Cannot be located upon the exercise of due diligence;

  2. Has been transferred or sold to, or deposited with, a third person;

  3. Has been placed beyond the jurisdiction of the Court;

  4. Has been substantially diminished in value; or

  5. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United State Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All in accordance with Title 18, United States Code, Section 1029(c)(2).

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
KATHLEEN RICE
ASSISTANT UNITED STATES ATTORNEY

9

| UNITED STATES OF AMERICA | CASE NO. |
|---|---|
| v. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| CARLA KNIGHT and JANA BALLARD | **Superseding Case Information**: |

**Court Division**: (Select One)

New Defendant(s) _____ Yes _____ No
Number of New Defendants _____
Total number of counts _____

_____ Miami   _____ Key West
__X__ FTL     _____ WPB   _____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)   __NO__
   List language and/or dialect

4. This case will take __3-4__ days for the parties to try

5. Please check appropriate category and type of offense listed below:
   (Check only one)                                   (Check only one)

   | | | | | |
   |---|---|---|---|---|
   | I   | 0 to 5 days      | __X__ | Petty    | _____ |
   | II  | 6 to 10 days     | _____ | Minor    | _____ |
   | III | 11 to 20 days    | _____ | Misdem.  | _____ |
   | IV  | 21 to 60 days    | _____ | Felony   | __X__ |
   | V   | 61 days and over | _____ |          |       |

6. Has this case been previously filed in this District Court? (Yes or No)   __NO__
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter?   (Yes or No)   __NO__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No) __No__

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? __X__
   _ Yes __ No    If yes, was it pending in the Central Region? __X__ Yes __ No

   KATHLEEN RICE
   ASSISTANT UNITED STATES ATTORNEY
   Florida Bar No. 100765

*Penalty Sheet(s) attached                                              REV.4/7/99

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name** CARLA KNIGHT          **Case No.** _____

==================================  ==========================================

Count #: 1

CONSPIRACY TO EFFECT FRAUDULENT TRANSACTION WITH ACCESS DEVICE

18 U.S.C. § 1029(b)(2)

**Max. Penalty:**     7.5 YEARS' IMPRISONMENT; $250,000 FINE
==============================================================================
Count #: 2

EFFECTING FRAUDULENT TRANSACTIONS WITH ACCESS DEVICE

18 U.S.C. § 1029(a)(5)

**Max. Penalty:**     15 YEARS' IMPRISONMENT, $250,000 FINE
==============================================================================
Count #. 3

ATTEMPT TO EFFECT FRAUDULENT TRANSACTIONS WITH ACCESS DEVICE

18 U.S.C. § 1029(b)(1)

**Max. Penalty:**     15 YEARS' IMPRISONMENT; $250,000 FINE
==============================================================================

Count #:

_____

**Max. Penalty:**
==============================================================================

Count #:

_____

**Max. Penalty:**
==============================================================================


==============================================================================

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

## PENALTY SHEET

**Defendant's Name** JANA BALLARD    **Case No.** _____

================================    ==========================================

Count #: 1

CONSPIRACY TO EFFECT FRAUDULENT TRANSACTION WITH ACCESS DEVICE

18 U.S.C. § 1029(b)(2)

**Max. Penalty:**    7.5 YEARS' IMPRISONMENT; $250,000 FINE
=================================================================================
Count #: 2

EFFECTING FRAUDULENT TRANSACTIONS WITH ACCESS DEVICE

18 U.S.C. § 1029(a)(5)

**Max. Penalty:**    15 YEARS' IMPRISONMENT; $250,000 FINE
=================================================================================
Count #. 3

ATTEMPT TO EFFECT FRAUDULENT TRANSACTIONS WITH ACCESS DEVICE

18 U.S.C § 1029(b)(1)

**Max. Penalty:**    15 YEARS' IMPRISONMENT. $250,000 FINE
=================================================================================

Count #: _____

**Max. Penalty:**
=================================================================================

Count #: _____

**Max. Penalty:**
=================================================================================

=================================================================================

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.