# United States District Court
## Southern District of Florida
FT. LAUDERDALE DIVISION

**FILED** SEP 28 2001
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

**UNITED STATES OF AMERICA**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

v.

**Case Number: 00-6159-CR-FERGUSON**

**JANA BALLARD**

Counsel For Defendant: Jorge Sibila, Esq.,
Counsel For The United States: Kathleen Rice
Court Reporter: Stephen Franklin

The defendant pleaded guilty to Count ONE (1) of the Indictment. Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 18 USC § 1029 | CONSPIRACY TO COMMIT ACCESS DEVICE FRAUD | 2/4/1999 | ONE (1) |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

All other Count(s) are dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No. 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
Defendant's Date of Birth: 8/21/1965
Deft's U.S. Marshal No.: 39441-004

Date of Imposition of Sentence:
September 28, 2001

Defendant's Mailing Address:
FEDERAL DETENTION CENTER
Miami, FL 33132

Defendant's Residence Address:
FEDERAL DETENTION CENTER
Miami, FL 33132

WILKIE D. FERGUSON, JR.
United States District Judge
September 28, 2001

DEFENDANT: JANA BALLARD
CASE NUMBER: 00-6159-CR-FERGUSON

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **24 Months**. Defendant to receive credit for time served.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                        UNITED STATES MARSHAL

                            By:_____
                                    Deputy U.S. Marshal

DEFENDANT: JANA BALLARD
CASE NUMBER: 00-6159-CR-FERGUSON

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term **THREE (3) years**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.
The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

**The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**The defendant shall also comply with the additional conditions on the attached page.**

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following additional conditions of supervised release:

- The defendant shall participate in an approved treatment program for drug and/or alcohol abuse as directed by the U.S. Probation Office. Participation may include inpatient/outpatient treatment, if deemed necessary. The defendant will contribute to the costs of services rendered (copayment) in an amount determined by the probation officer, based on ability to pay, or availability of third party payment.

- The defendant shall participate in an inpatient/outpatient mental health treatment program, as directed by the U.S. Probation Office. The probationer/supervised releasee will contribute to the costs of services rendered (copayment) in an amount determined by the probation officer, based on ability to pay, or availability of third party payment.

- The defendant shall not incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

- The defendant shall obtain prior approval from the United States Probation Officer before entering into any self-employment. The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.

- The defendant shall maintain full-time, legitimate employment and not be unemployed for a term of more than 30 days, unless excused by the U.S. Probation Officer. Further, the defendant shall provide documentation, including but not limited to, pay stubs, contractual agreements, W-2 Wage and Earnings Statements, and any other documents requested by the U.S. Probation Office.

- The defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the United States Probation Officer.

- The defendant shall be prohibited from obtaining employment at any business with access to credit card information, without first obtaining permission from the U.S. Probation Officer.

- The defendant shall be prohibited from obtaining a mailbox with a commercial mail receiving agency, without first obtaining permission from the U.S. Probation Officer.

DEFENDANT: JANA BALLARD
CASE NUMBER: 00-6159-CR-FERGUSON

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100.00 | $ | $147,402.22 |

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A. Lump sum payment of **$100.00** due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

**The fine/restitution is payable to the U.S. COURTS and is to be addressed to:**

**U.S. CLERK'S OFFICE
ATTN: FINANCIAL SECTION
301 N. MIAMI AVENUE, ROOM 150
MIAMI, FLORIDA 33132**

**The fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.**

Defendant Name, Case Number, and Joint and Several Amount: $147,402.22
00-6159-CR-WDF
Carla Knight

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.